C. C. MARTIN, Appellant, v. N. B. LUDOWESE, Police Magistrate of Williston, North Dakota, Respondent.

(184 N. W. 575.)

**Certiorari — will not lie where magistrate is acting within statutory authority and other remedy is available.**

1. Where a magistrate is acting within his statutory authority and there exists otherwise a remedy available, a writ of certiorari will not issue.

Opinion filed September 26, 1921.

Appeal from order of District Court, Williams county; *Moellring, J.,* denying a writ of certiorari.

Affirmed.

*Fisk and Shafer,* for appellant.

An action against Egge for costs without relying on the undertaking given is not a plain, speedy and adequate remedy as contemplated by the statute on certiorari, § 8445, where we were entitled to have the amount determined in a summary manner by arbitration as provided in the Estray Law. Re Enderlin State Bank, 4 N. D. 319; 58 N. W. 514; Leonard v. Peacock, 8 Nev. 157.

Even though Egge is not a party to this proceeding we are entitled to have costs taxed against him by bringing him in with proper notice. § 7793 C. L. 1913 provides for costs in special proceedings; State ex rel Surety Trust Co. v. Probate Court, 69 N. W. 908 (Minn.) ; Coffey v. Gamble, 94 N. W. 936, Iowa; Hickman v. Hunter, 140 N. W. 425, Iowa.

*Ivan V. Metzger,* for respondent.

BRONSON, J.  The appellant, on April 5, 1921, found upon his premises and within the vicinity of his residence ten head of horses.  He took them as estrays, and within two days thereafter published a notice under the estray law. § 2658, C. L. 1913.  On April 11, 1921, the appellant and one Egge, the owner of the horses, appeared before the respondent, who is a police magistrate in Williston.  Over the objection of the appellant, questioning the jurisdiction of the magistrate, Egge offered an undertaking for the payment of all costs and expenses that might be awarded to appellant and all damages sustained through trespass of the horses, pursuant to § 8503, C. L. 1913, relating to trespassing animals.  The magistrate approved the undertaking and ordered the immediate delivery of the horses by appellant to Egge.  Thereupon the appellant secured an order requiring the respondent to certify fully to the district court all proceedings had and to temporarily refrain from executing the order made for delivery of the horses.  Upon the hearing of the order the district court found that the statutory authority of the magistrate was confined to the approval or disapproval of the security offered without any right to try an issue as to whether the horses were held for trespass or as estrays and that the applicant (the appellant herein) had his remedy in the courts to fully protect his rights.  The order issued was vacated and a writ of certiorari denied.  The appellant has appealed therefrom.  He contends that the magistrate was without authority to approve the undertaking for the reason that the horses were taken under the estray law (§ 3657 et seq., C. L. 1913); that it was made clear to the magistrate before he acted that the appellant claimed no damages under the provisions of the act concerning trespassing of animals which alone provides for furnishing such undertaking (§ 8500 et seq., C. L. 1913); that the newspaper advertisement provided for estrays served as notice concerning estrays alone.

We are of the opinion that the findings and order of the trial court are proper.  Upon the issue involved, it would serve no useful purpose to discuss the relative uses and purposes of the statutes upon estrays and trespassing of animals.  In the affidavit of the appellant for a writ of certiorari it is alleged that the appellant found and took upon his premises the horses.  Although he published notice as if such horses were estrays only, still he might otherwise contend that such horses were trespassing animals under the provisions of § 8500 et seq., C. L. 1913.  The order is affirmed with costs.

ROBINSON, BRONSON, BIRDZELL, and CHRISTIANSON, JJ., concur.

GRACE, C. J., concurs in the result.